UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                )
**LAURA DRIESSEN and**                          )
**MICHAEL DRIESSEN,**                           )
**individually and on behalf of**               )
**A.D., their minor child,**                    )
                                                )
    **Plaintiffs,**                     )
                                                )  **Civil Action No.**
    **v.**                             )  **19-11783-FDS**
                                                )
**GLAXOSMITHKLINE LLC,**                         )
                                                )
    **Defendant.**                      )
_____)

## ORDER TO SHOW CAUSE

**SAYLOR, C.J.**

On May 26, 2016, this Court issued MDL Order No. 10, which required each plaintiff to

submit a Product Identification Fact Sheet.  (MDL Dkt. No. 251 ¶ 1).  That same day, this Court

issued MDL Order No. 11, which required each plaintiff to complete a Plaintiff Fact Sheet.

(Dkt. No. 252 ¶ 14).  Both Orders provided that "questions on the fact sheets shall be treated as

interrogatories under Rule 33 of the Federal Rules of Civil Procedure, and shall be subject to the

rules applicable to such interrogatories . . . ."  (MDL Dkt. No. 251 ¶ 7; Dkt. No. 252 ¶ 17).

Plaintiffs' Product Identification Fact Sheet was due on September 19, 2019, and their

Plaintiff Fact Sheet was due on October 19, 2019.  (*See* MDL Dkt. No. 251 ¶ 4; Dkt. No. 252 ¶

11).

On March 27, 2020, counsel for GlaxoSmithKline LLC ("GSK") sent a letter notifying

plaintiffs' counsel that the Product Identification and Plaintiff Fact Sheets were overdue.  GSK's

counsel requested that plaintiffs provided the missing documents by April 10, 2020, or it would seek dismissal or other appropriate relief from the Court.  (*See* GSK Mem., Ex. 3 (*Driessen* Dkt. No. 37-1)).

On April 22, 2020, plaintiffs' counsel filed a motion to withdraw as counsel due to his inability to contact plaintiffs.  The Court granted that motion, effective June 22, 2020, and directed plaintiffs to file a notice of change of address providing updated contact information. (*Driessen* Dkt. No. 32).  Plaintiffs have not filed that notice, nor have new counsel entered an appearance on their behalf.  And they have yet to provide the requested discovery.

It thus appears that plaintiffs have failed to comply with MDL Order Nos. 10 and 11.

Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), a court may dismiss an action in whole or in part for failure to comply with discovery orders.  As plaintiffs have not requested additional time to file the required documents, or offered any reason for their delay, they are hereby ORDERED to show cause in writing within 21 days (that is, on or before July 14, 2020) why this case should not be dismissed for failure to provide discovery.  If good cause is not shown by that date, this action will be dismissed pursuant to Rule 37(b)(2)(A)(v).

The Clerk is directed to mail copies of this order and of the Court's order granting the motion of plaintiffs' counsel to withdraw to plaintiffs at their last known address.

**So Ordered.**

<br>

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  June 23, 2020                                    Chief Judge, United States District Court